# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AAGE JORGENSEN and BRUCE JORGENSEN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| -vs- | ) ) ) | Case No. CIV-18-798-F |
| CYNTHIA HAWK, ROBERT HENDRYX, and MICHELE MOORE, in their individual capacities, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is the Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim with Brief in Support by Defendant Michele Moore (doc. no. 46) and the Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim with Brief in Support by Defendants Robert Hendryx and Cynthia Hawk (doc. no. 58). Plaintiffs have responded to the motions and defendants have replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

*Background*

Plaintiffs, appearing *pro se*, bring this action seeking declaratory relief, injunctive relief and damages against defendants under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Oklahoma law. Plaintiffs complain that defendants denied plaintiff, Aage Jorgensen, a minor at all relevant times, the right to representation by, and consultation with, retained counsel, Scott K. Thomas, while Aage was housed in the Sac and Fox Nation Juvenile Detention Center, under the custody of the Oklahoma

Office of Juvenile Affairs, following his arrest by officers with the Oklahoma State University Police Department. Plaintiffs also complain that Aage was denied access to, and visitation from, two persons, Dr. Sandra Morgan and Matthew McCollum, whose access and visitation had been explicitly authorized, verbally and in writing, by Aage's father, plaintiff Bruce Jorgensen.[12] During Aage's detention, Mr. Jorgensen was overseas in Port Vila, Vanuatu. Plaintiffs allege that defendants, who were employed by the Oklahoma Office of Juvenile Affairs, denied them their constitutional rights to due process and equal protection and denied Aage his constitutional right to representation by, and communication with, Mr. Thomas. They also allege that defendants conspired to deprive Aage (and, derivatively Bruce Aage) of a constitutional right to representation by, and communication with, Mr. Thomas and to preclude Aage from meeting and conversing with Dr. Morgan and Mr. McCollum as authorized by Bruce. Further, plaintiffs allege that defendants acted negligently, breached their fiduciary duty and intentionally inflicted emotional distress upon them.

Defendants move to dismiss plaintiffs' First Amended Complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserting that they are entitled to qualified immunity on the federal claims. They also assert that the state law claims fail as a matter of law. Further, they assert that plaintiffs lack standing to bring claims on behalf of anyone other than themselves and that their claims for declaratory and injunctive relief are moot.

---

[1] According to the First Amended Complaint, Bruce Jorgensen had served as Aage's sole parent since 2002.

[2] The allegations of the First Amended Complaint reveal that Aage was arrested by police on October 25, 2016; after appointment of counsel, he consented to extradition to Florida on October 28, 2016; and was extradited to Florida on November 3, 2016. Plaintiff, Bruce Jorgensen's communication regarding Aage, via telephone and fax, began on October 28, 2016, after Aage consented to extradition. Mr. Jorgensen sent a total of three faxes, one on October 28, 2016, one on October 31, 2016, and one on November 2, 2016 (with a date of October 31, 2016) (Exhibits 3, 4 and 5 to the First Amended Complaint).

## II.

*Standard of Review*

"At the motion-to-dismiss stage, [the court] must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the [plaintiffs]." Thomas v. Kaven, 765 F.3d 1183, 1190 (10th Cir. 2014) (quotation omitted). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id., (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id. at 1190-1191.

As stated, plaintiffs are appearing *pro se*. While the court is generally obliged to construe *pro se* pleadings liberally, see, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court need not do so because plaintiff, Bruce Jorgensen, represents that he is an attorney, "with a practice emphasizing federal civil rights and governmental improprieties." Ex. 2 to doc. no. 43, p. 3; *see*, Mann v. Boatright, 477 F.3d 1140, 1148 n. 4 (10th Cir. 2007).

Individual defendants named in a section 1983 action, such as the defendants in the case at bar, may raise a defense of qualified immunity. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). "Qualified immunity protects officials 'from liability for civil damages insofar as their conduct does not violate establish statutory or constitutional rights of which a reasonable person would have known.'" Thomas, 765 F.3d at 1194 (quoting Harlow v. Fitzgerald, 457 U.S., 800, 818 (1982)). "Once the qualified immunity defense is asserted, the [plaintiffs] 'bear[] a two-part burden' to show, first, 'the defendant's actions violated a constitutional or statutory right,' and, second, that the right was 'clearly established at the time of the conduct at issue.'" Id. (quoting Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008)).

With respect to the latter, "[a] right is clearly established in this circuit 'when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established

weight of authority from other courts shows that the right must be as the [plaintiffs maintain].'" Thomas, 765 F.3d at 1194 (quoting PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1196-1197 (10th Cir. 2010)). A previous decision need not be 'materially factually similar or identical to the present case; instead, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Wagner, 603 F.3d at 1197). The court looks to see if "existing precedent . . . placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). Qualified "immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" White v. Pauly, 137 S.Ct. 548, 551 (2017) (quoting Mullenix, 136 S.Ct. at 308).

III.

*Section 1983 Claims*

Section 1983 of Title 42 of the United States Code provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. From a review of the First Amended Complaint, it appears that plaintiffs allege section 1983 claims for deprivation of procedural due process and equal protection under the Fourteenth Amendment and denial of the right to counsel under the Sixth Amendment.

A. Procedural Due Process

Plaintiffs assert that defendants violated Aage's procedural due process rights by refusing to allow him representation by, and consultation with, Mr. Thomas, during his detention pending removal to Florida and by refusing to allow him visitation from Ms. Morgan and Mr. McCollum.

A procedural due process claim requires a plaintiff to show: (1) that a recognized liberty or property interest has been interfered with by the defendants; and (2) that the procedures attendant to that deprivation were not constitutionally sufficient. *See*, <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989). The court need not determine whether the facts alleged in the First Amended Complaint show a deprivation of a liberty interest.[3] Moreover, the court need not determine whether the facts alleged show that the procedures attendant to any deprivation were not constitutionally sufficient. Even if the court were to find plaintiffs have alleged facts to support a procedural due process claim with respect to Aage's right to representation by, and consultation with, Mr. Thomas, plaintiffs have not cited and the court has not found a case which would put defendants on notice that Aage was entitled to representation by, and consultation with, retained counsel, Mr. Thomas, after Aage, through appointed counsel, consented to and was awaiting removal to Florida. In their briefing, plaintiffs cite the Supreme Court's decision in <u>In re Gault</u>, 387 U.S. 1 (1967). Although the Supreme Court in that case held that a juvenile has the right to counsel in a proceeding "where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of liberty for years," *id*. at 36, the hearing at issue in the case at bar was an extradition hearing. The First Amended Complaint indicates that Aage was represented by appointed counsel during the extradition proceeding. The Supreme Court in <u>In re Gault</u> did not address whether a juvenile, such as Aage, has the right to representation by, and consultation with, retained counsel, after consenting and awaiting removal to another state. Plaintiffs have not cited any other precedential authority that would establish

---

[3] The First Amendment Complaint clearly does not allege a deprivation of a property interest.

that Aage's alleged constitutional right was clearly established.[4] The court therefore concludes that the claim is subject to dismissal based upon qualified immunity.[5]

As to the visitation claim, the court finds that the claim is also subject to dismissal based upon qualified immunity. The Supreme Court has held that the due process clause does not directly grant inmates the right to unfettered visitation. *See*, Kentucky Dept. of Corrections, 490 U.S. at 460 ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, . . . and therefore is not independently protected by the Due Process Clause"); *see also*, Jenner v. McDaniel, 123 Fed. Appx. 900, 905 (10th Cir. Feb. 17, 2005) (unpublished opinion cited as persuasive pursuant to 10th Cir. R. 32.1(A)) (holding that inmate lacked a protected liberty interest in visitation privileges). Moreover, while a pretrial detainee, such as Aage, has a right to be free from punishment, Bell v. Wolfish, 441 U.S. 520, 535 (1979), plaintiffs have not alleged facts to show any punitive motive on behalf of the individual defendants or that their challenged conduct was not "reasonably related to legitimate governmental objectives." Block v. Rutherford, 468 U.S. 576, 586 (1984); *see also*, Lewis v. Clark, 663 Fed. Appx. 697, 700-701 (10th Cir. 2016) (plaintiff has burden to "'plead facts from which a plausible inference can be drawn that the [restriction] was not reasonably related to a legitimate penological interest.'") (quoting Al-Owhali v. Holder, 687 F.3d 1236, 1240 (10th Cir. 2012)). Further, plaintiffs have not cited, and the court has not found, a case which would put defendants on notice that Aage was

---

[4] In their papers, plaintiffs also cite Procunier v. Martinez, 416 U.S. 396 (1974) and Benjamin v. Fraser, 264 F.3d 175 (2nd Cir. 2001). Neither case supports that Aage's alleged constitutional right was clearly established.

[5] To the extent that plaintiffs are also alleging a deprivation of Aage's right to access to courts, the court finds that the claim is subject to dismissal based upon qualified immunity. Plaintiffs have offered no proper authority clearly establishing that defendants' conduct violated Aage's right to access to courts.

6

entitled to visitation from Ms. Morgan and Mr. McCollum, while in the temporary custody of the Oklahoma Office of Juvenile Affairs, pending extradition. Existing precedent does not show that defendants' conduct violated a clearly established due process right.[6]

B. Equal Protection

Additionally, plaintiffs claim that defendants' conduct violated Aage's right to equal protection. The Equal Protection Clause prohibits government officials from treating people differently than those similarly situated without adequate justification. Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601-602 (2008). A traditional equal protection claim requires a showing that a defendant engaged in discrimination against members of a protected class. An alternative type of equal protection claim known as the "class-of-one" claim is not based on discrimination against members of a protected class, but, instead, asserts that a government official discriminated against an individual out of spite or another improper motive. *See*, SECSYS, LLC v. Vigil, 666 F.3d 678, 685-688 (10th Cir. 2012).

Plaintiffs' amended pleading does not allege that Aage is a member of a protected class. It thus appears that plaintiffs are alleging a "class-of-one" equal protection claim. For plaintiffs to state such a claim, plaintiffs must plausibly demonstrate that (1) defendants treated others similarly situated in every material respect to Aage differently; and (2) there was no objectively reasonable basis for the difference in treatment. *See*, Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011).

---

[6] To the extent that plaintiffs are alleging violation of Aage's substantive due process rights with respect to right to counsel and right to visitation, the court finds that the claim is subject to dismissal based upon qualified immunity. In reaching its finding, the court need not decide whether defendants' conduct violated Aage's substantive due process rights. In their papers, plaintiffs have offered no authority clearly establishing that defendants' conduct violated Aage's substantive due process rights.

7

The First Amended Complaint fails to identify any similarly situated individual who was treated differently than Aage. It also fails to allege facts to show that there was no objectively reasonable basis for a difference in treatment.

In their responses, plaintiffs do not address the challenge to the equal protection claim. They do not cite any existing precedent to show defendants violated a clearly established equal protection right. The court, therefore, concludes that the equal protection claim is subject to dismissal based upon qualified immunity.

C. Sixth Amendment

Plaintiffs assert that defendants violated Aage's right to counsel under the Sixth Amendment. The Sixth Amendment right to counsel does not attach until the "initiation of adversary judicial proceedings against the defendant." United States v. Gouveia, 467 U.S. 180, 187, 188 (1984). An "adversarial judicial proceeding" is one where "the accused is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both in a situation where the results of the confrontation might well settle the accused's fate and reduce the trial itself to a mere formality." Gouveia, 467 U.S. at 189 (citation and internal alterations omitted). The right to counsel attaches in the "critical stages in the criminal justice process" when the state commits itself to prosecuting its case. Maine v. Moulton, 474 U.S. 159, 170 (1985) (internal quotation omitted). No right to counsel attaches at an arrest or at an extradition hearing. *See*, Gouveia, 467 U.S. at 190; Anderson v. Alameida, 397 F.3d 1175, 1180-1181 (9th Cir. 2005); DeSilva v. DiLeonardi, 181 F.3d 865, 868-869 (7th Cir. 1999); U.S. v. Doherty, 126 F.3d 769, 782 (6th Cir. 1997), *partially abrogated on other grounds*, Texas v. Cobb, 532 U.S. 162, 168 n. 1 (2001); Chewning v. Rogerson, 29 F.3d 418, 421 (8th Cir. 1994). Further, the existence of an attorney-client relationship does not trigger the protections of the Sixth Amendment. Moran v. Burbine, 475 U.S. 412, 430 (1986).

The allegations of the First Amended Complaint do not establish that Aage had a Sixth Amendment right to counsel, while detained, pending his removal to

Florida. Thus, the First Amended Complaint fails to plausibly state a violation of Aage's Sixth Amendment rights.

Even if the court were to find that the First Amended Complaint alleged a violation of Aage's Sixth Amendment rights, plaintiffs have failed to cite any Supreme Court or Tenth Circuit case on point, or clearly established weight of authority from other courts, that would show that the alleged Sixth Amendment violation was clearly established. The cases plaintiffs cite in their papers are not sufficiently analogous. Thus, the court finds that the Sixth Amendment claim is subject to dismissal based upon qualified immunity.

D. Bruce Jorgensen Claims

Plaintiff, Bruce Jorgensen, is a named plaintiff but the First Amended Complaint does not specifically identify what constitutional rights of his, if any, were violated. Plaintiff lacks standing to assert the constitutional rights of Aage, who is now of the age of majority. *See*, Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986).

The court recognizes that the substantive component of the Due Process Clause protects "the fundamental right of parents to make decisions concerning the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, 66 (2000). To the extent that Mr. Jorgensen asserts a due process claim, he has failed to identify a Supreme Court or Tenth Circuit decision on point, or clearly established weight of authority from other courts, to show that defendants' conduct violated a clearly established substantive due process right.

As to any equal protection claim, the First Amended Complaint fails to identify any similarly situated individual who was treated differently than Mr. Jorgensen. It also fails to allege facts to show that there was no objectively reasonable basis for a difference in treatment. Further, Mr. Jorgensen has not cited existing precedent which shows that defendants' conduct violated a clearly established equal protection right.

9

IV.

*Section 1985 Claims*

Section 1985 of Title 42 of the United States Code provides a remedy for a conspiracy to interfere with a person's civil rights. Plaintiffs allege that defendants conspired to violate the right of Aage to be represented by, and consult with, retained counsel, Mr. Thomas, and to violate the right of Aage to meet, confer, and visit with Dr. Morgan and Mr. McCollum.

Plaintiffs do not indicate which subsection of section 1985 they rely upon for purposes of their claim. It appears to the court that plaintiffs rely upon subsection 3.[7] The elements of a section 1985(3) conspiracy claim are: (1) a civil conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) a resulting injury or deprivation. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The court concludes that defendants are entitled to qualified immunity on plaintiffs' § 1985(3) claim. The allegations of the First Amended Complaint indicate that defendants are all employed by the same governmental agency, the Oklahoma Office of Juvenile Affairs. The Supreme Court, in Zigler v. Abbasi, 137 S.Ct. 1843, 1868 (2017), ruled that it was not clearly established that officials of the same entity can conspire with each other for purposes of a § 1985(3) conspiracy. *Id*. at 1868. Plaintiffs have proffered no precedential authority to show otherwise. Furthermore, plaintiffs have failed to allege facts to show an agreement and concerted action among the defendants. *See*, Langley v. Adams County, Colo., 987 F.2d 1473, 1482 (10th Cir. 1993). Plaintiffs have also failed to allege facts to show an intent to deprive Aage and Bruce of equal protection or equal privileges and immunities. Plaintiffs have failed to allege any facts to demonstrate that "some racial, or perhaps otherwise

---

[7] That subsection imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

class-based, invidiously discriminatory animus [lay] behind the [defendants'] action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The court therefore concludes that the section 1985(c)(3) claim is subject to dismissal based upon qualified immunity.

V.

*Declaratory and Injunctive Relief*

In addition to monetary damages for the federal claims, plaintiffs also request declaratory and injunctive relief. The court finds that the request is subject to dismissal. The First Amended Complaint reveals that Aage is no longer in the custody of the Oklahoma Office of Juvenile Affairs and that the charges against him were dismissed. Any declaratory judgment or injunctive relief "would have no effect on the defendants' behavior toward [plaintiffs]." Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997). Consequently, the request for declaratory judgment and injunctive relief is moot. *See*, Jordan v. Sosa, 654 F.3d 1012, 1028 n. 17 (10th Cir. 2011) ("where a prisoner is no longer housed at the penal institution having the conditions of confinement that form the basis of his suit, declaratory relief—as well as injunctive relief—is ordinarily not available."); *see also*, Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004) (following release from prison, "[plaintiff's] claims for declaratory relief are now moot."); McAlpine v. Thompson, 187 F.3d 1213, 1218 (10th Cir. 1999) ("release to parole moots a claim regarding prison conditions and regulations"); Green, 108 F.3d at 1300 (plaintiff's "claims for declaratory and injunctive relief are moot" because "he is no longer a prisoner within the control of the [defendants]").

Plaintiffs' request for injunctive relief also includes a request for relief for other minor detainees. However, plaintiffs can only seek relief for violations of their own constitutional rights. *See*, Cotner, 795 F.2d at 902. Thus, plaintiffs' request for injunctive relief on behalf of other minor detainees is subject to dismissal.

11

## VI.

### *Leave to Amend*

In the "Ancillary Considerations" of their responses as to defendants' motions, plaintiffs request that the court grant them leave to amend if it deems all or any portion of the First Amended Complaint subject to dismissal. Under Rule 15, courts "should freely give leave [to amend] when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. However, Rule 7, Fed. R. Civ. P., also requires a request for relief to be made by a motion that (1) is "in writing," (2) "state[s] with particularity the grounds for seeking the order," and (3) specifies "the relief sought." Rule 7(b)(1), Fed. R. Civ. P.

The court concludes that plaintiffs' bare request to amend in their response briefs "is insufficient to place the court and opposing parties on notice of the plaintiff[s'] request to amend and the particular grounds upon which such a request would be based." Albers v. Board of County Com'rs of Jefferson County, Colo., 771 F.3d 697, 706 (10th Cir. 2014). Plaintiffs fail to specify the new factual allegations that would allow them to allege a violation of a clearly established constitutional right by defendants. The court therefore concludes that plaintiffs' request for leave to amend their federal law claims should be denied.

## VII.

### *State Law Claims*

In addition to the federal law claims,[8] plaintiffs have also alleged state law claims against defendants. Specifically, plaintiffs have alleged claims of negligence, breach of fiduciary duty and intentional infliction of emotional distress. With the dismissal of the federal claims, the court declines to exercise supplemental jurisdiction over the state law claims. *See*, Brooks v. Gaenzle, 614 F.3d 1213, 1229-

---

[8] Plaintiffs, in the First Amended Complaint, allege jurisdiction over the federal claims based upon 28 U.S.C. § 1331. There are no allegations in the amended pleading to support the court's exercise of jurisdiction based upon 28 U.S.C. § 1332.

12

1230 (10th Cir. 2010). The court therefore shall dismiss the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## VIII.

*Conclusion*

Based upon the foregoing, the Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim with Brief in Support by Defendant Michele Moore (doc. no. 46) and the Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim with Brief in Support by Defendants Robert Hendryx and Cynthia Hawk (doc. no. 58) are **GRANTED**. Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims against defendants are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiffs' state law claims against defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED this 26th day of August, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0798p015 rev_.docx